# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SYNTEDRICK BROWN | § | |
| | § | |
| V. | § | A-11-CA-155 LY |
| | § | (A-04-CR-268 LY) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Brown's Motion to Modify Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b), received on February 28, 2011 (Clerk's Doc. No. 50), construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

Movant Syntedrick Brown ("Brown") pled guilty to two counts of a six-count Indictment. Specifically, Brown pled guilty to Count Five, bank robbery and use of a dangerous weapon in violation of 18 U.S.C. § 2113(a); and Count Six, using, carrying, and brandishing a firearm during a crime of violence, namely a bank robbery in violation 18 U.S.C. § 924(c). The district judge sentenced Brown to 171 months confinement, followed by a five (5) year term of supervised release.

Movant did not appeal his conviction and sentence. Movant has now filed a document he entitled Motion to Modify Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b). The

Court construed the pleading as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As Brown had not previously filed a motion seeking relief under section 2255, the District Court afforded him an opportunity to withdraw the motion or to amend it so that it contains all the 28 U.S.C. § 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 383 (2003). The District Court also ordered that Brown withdraw his motion, file a notice of consent, or amend his motion to include any 2255 claims he believes he might have by March 29, 2011. The District Court stated "[f]ailure to take one of the three actions outlined above within the time specified by the Court will result in the dismissal, without prejudice, of the companion civil cause without further notice." *See* Order and Advisory to Defendant (Clerk's Doc. No. 51) filed March 2, 2011. Brown failed to file any response.

## II. ANALYSIS

As outlined above, Brown failed to respond to this Court's Order. Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their dockets, and to dismiss suits for want of prosecution. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-32 (1962); *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8-9 (5th Cir. 1991); *see also* Fed.R.Civ.P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 632. It is thus well established that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute ...

2

[a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (citations omitted).

Based upon Brown's failure to prosecute this cause of action and failure to comply with the District Court's Order of March 2, 2011, the Magistrate recommends that the District Court dismiss Brown's Motion to Modify Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b) without prejudice.

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Brown's Motion to Modify Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b) (Clerk's Doc. No. 50) **WITHOUT PREJUDICE.**

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

"When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE